UNITED STATES of America, Plaintiff–Appellee,

v.

Luis GONZALEZ, Defendant–Appellant.

No. 03–40339.
Conference Calendar.

United States Court of Appeals, Fifth Circuit.

Oct. 21, 2003.

Kerry M Klintworth, Assistant US Attorney, Beaumont, TX, for Plaintiff–Appellee.

Luis Gonzalez, Beaumont, TX, for Defendant–Appellant.

Before KING, Chief Judge, and JOLLY and STEWART, Circuit Judges.

PER CURIAM.*

Luis Gonzalez, federal prisoner # 04434–078, appeals the district court's denial of his motion for modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2). Gonzalez was convicted of possession with intent to distribute cocaine. Gonzalez argues that Amendment 528 merely clarifies the career offender guideline and, therefore, he need not establish the retroactivity requirement of 18 U.S.C. § 3582(c)(2).

The language of the statute provides that a district court may not modify a term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2) unless the term has been subsequently lowered by an amendment to the Sentencing Guidelines. 18 U.S.C. § 3582(c)(2); *see United States v. Gonzalez–Balderas,* 105 F.3d 981, 982 (5th Cir. 1997). An amendment to the Sentencing Guidelines may not be applied retroactively upon a motion under 18 U.S.C. § 3582(c)(2) unless it is specifically set forth in U.S.S.G. § 1B1.10(c). U.S.S.G. § 1B1.10(a), p.s. (Nov.2001). Because Amendment 528 is not listed in U.S.S.G. § 1B1.10(c), it may not be applied retroactively on Gonzalez's motion. *See United States v. Drath,* 89 F.3d 216, 218 (5th Cir.1996). Accordingly, the district court did not abuse its discretion when it denied Gonzalez's 18 U.S.C. § 3582(c)(2) motion.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

